TIMOTHY LUTHER OLSON,

        Plaintiff,

     v.                                    Case No. 25-C-653

KRISTY YANG, et al.,

        Defendants.

## SCREENING ORDER

     Plaintiff Timothy Luther Olson is a prisoner confined at the Milwaukee County Jail who is representing himself in this 42 U.S.C. §1983 case. Dkt. No. 1. On May 5, 2025, Plaintiff filed a civil rights complaint against Judge Kristy Yang, State Public Defender Manager Angel Johnson, and State Public Defender John Wasielewski, along with a motion for leave to proceed without prepayment of the filing fee. Dkt. Nos. 1-2. This is the third §1983 lawsuit Plaintiff has brought that complains about the conduct of Judge Yang and the public defenders representing him in an on-going state court criminal case in the Milwaukee County Circuit Court. *See Olson v. Reed*, Case No. 24-C-916 (E.D. Wis.); *Olson v. Sadowski*, Case No. 24-C-1549 (E.D. Wis.); *see also* WIS. CIRCUIT COURT ACCESS, *State of Wisconsin v. Olson*, Case No. 2022CF4696 (Milwaukee Cnty., Wis.), *available at* https://wcca.wicourts.gov (last visited May 28, 2025).

     The Prison Litigation Reform Act (PLRA) applies to this case because Plaintiff was incarcerated when he filed his complaint. *See* 28 U.S.C. §1915. A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*), and the Court will grant Plaintiff's motion.

The PLRA provides that, regardless of fee status, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. §1915A(a); *see also Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. §1915A(b)(1)-(2). The Court may also impose a "strike" for filing a lawsuit that is frivolous or fails to state a claim. *See* 28 U.S.C. §1915(g).

According to the complaint, on April 28, 2025, Judge Yang "conspired" with Public Defender Manager Johnson to appoint Public Defender Wasielewski to Plaintiff's on-going state court criminal case. Dkt. No. 1 at 3. Plaintiff alleges that Judge Yang cannot "choose" which public defender she wants on a criminal case and her continued attempts to pick specific public defenders for Plaintiff's case is "corrupt" and made with "malice." *Id*. For relief, Plaintiff seeks monetary damages. *Id*. at 5.

As an initial matter, a state public defender is not considered a "state actor" for purposes of §1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). As a result, Plaintiff has failed to state a claim against Public Defenders Johnson and Wasielewski.

As for his claims against Judge Yang, a judge has absolute immunity for all actions taken in his or her judicial capacity. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "Immunity totally insulates judges from liability for actions taken within their judicial capacity, even if the judge acts maliciously or corruptly." *Dellenbach v. Letsinger*, 889 F.2d 755, 757-58 (7th Cir. 1989). Even a judge's *ex parte* communication "does not, without more, transform that

2

communication into a nonjudicial act." *Id*. at 761.  Indeed, any act that has "an integral relationship with the judicial process" is cloaked by the doctrine of judicial immunity.  *Id*.

A judge appointing a public defender through a court order or proceeding—whether with a good, bad, "corrupt," or "malicious" motive—is an action taken within the judge's judicial capacity.  Indeed, appointing a public defender has an integral relationship with the judicial process, as criminal cases cannot proceed without counsel being appointed for an indigent defendant.  Judge Yang is therefore entitled to absolute immunity with respect to her appointment of Public Defender Wasielewski.  Even if Judge Yang is not immune, Plaintiff would not be allowed to proceed against her.  He has already raised these claims in two prior lawsuits (one of which, because it has additional claims, was stayed under *Younger v. Harris*, 401 U.S. 37, 45 (1971), and the other of which was dismissed).  Therefore, the Court will dismiss this case for failure to state a claim and as duplicative and frivolous.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim and as frivolous.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. §1915(b)(1), Plaintiff must pay the $350 statutory filing fee.  Accordingly, the agency having custody of Plaintiff shall collect from his institution trust account the $350 statutory filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time

3

the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Office of the Sheriff, Fiscal Operations Rm. 224, 821 W. State Street, Milwaukee, WI 53233.

Dated at Green Bay, Wisconsin this 28th day of May, 2025.

_William C. Griesloch_
William C. Griesbach
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

4

Case 1:25-cv-00653-WCG   Filed 05/28/25   Page 4 of 4   Document 4